FILED
2007 Dec-18  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY C. TRAMMELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 06-G-1641-E |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

The plaintiff, Kimberly C. Trammell, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239..

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;

(2)    whether she has a severe impairment;

(3)    whether her impairment meets or equals one listed by the Secretary;

(4)    whether the claimant can perform her past work; and

    (5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case,  ALJ Jerome L. Munford determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment.  In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform less than the full range of light work.  [R. 24].  Accordingly, the ALJ found the Plaintiff not to be disabled.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

alleged pain arising from that condition or (3) that the objectively
determined medical condition is of such a severity that it can be reasonably
expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this

circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical
> evidence of a condition that could reasonably be expected to cause the pain
> alleged, neither requires objective proof of the pain itself.  Thus under both the
> regulations and the first (objectively identifiable condition) and third (reasonably
> expected to cause pain alleged) parts of the Hand standard a claimant who can
> show that his condition could reasonably be expected to give rise to the pain he
> alleges has established a claim of disability and is not required to produce
> additional, objective proof of the pain itself.  See 20 CFR §§ 404.1529 and
> 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical

information omitted) (emphasis added).  Furthermore, it must be kept in mind that "[a]

claimant's subjective testimony supported by medical evidence that satisfies the pain

standard is itself sufficient to support a finding of disability." Foote at 1561.  Therefore,

if a claimant testifies to disabling pain and satisfies the three part pain standard, she must

be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must

articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for
> refusing to credit a claimant's subjective pain testimony, then the Secretary, as a
> matter of law, has accepted that testimony as true.  Implicit in this rule is the
> requirement that such articulation of reasons by the Secretary be supported by
> substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."  McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for

giving it no weight ....”  <u>McGregor</u>, 786 F.2d at 1053.  If the Commissioner ignores or

fails to properly refute a treating physician’s testimony, as a matter of law that testimony

must be accepted as true.  <u>McGregor</u>, 786 F.2d at 1053; <u>Elam</u>, 921 F.2d at 1216.  The

Commissioner’s reasons for refusing to credit a claimant’s treating physician must be

supported by substantial evidence.  <u>See</u> <u>McGregor</u>, 786 F.2d at 1054; <u>cf.</u> <u>Hale v. Bowen</u>,

831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a

claimant’s subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

   The ALJ found that the plaintiff’s “has the ‘severe’ impairments of lupus,

interstitial cystitis, degenerative disc disease of the lumbar spine, anxiety and headaches.”

[R. 34].  At the ALJ hearing, the plaintiff testified that constant pain and fatigue prevents

her from being able to work.  The pain gets worse in the afternoons.  [R. 46].  She

complained of weakness in her hands and that holding small items such as a pen or

telephone causes pain, so much so that she drops things “[a]ll the time.”  [R. 47].  By the

plaintiff’s estimation, she would be able to sit for 20 minutes and stand for 10 minutes

before suffering from severe pain.  [R. 49].  On a good day, she could walk a city block.

[R. 50].  She spends much of the day lying down.  [R. 51].

   A divorced mother of two, the plaintiff lives with her parents, but has

difficulty performing household chores because of her pain.  [R. 48].  She testified to

having more than ten surgeries on her bladder to treat interstitial cystisis[1]. [R. 55].  She

gets up five or six times during the night to urinate and during the day, at least twice an

hour, always accompanied by burning pain.  [R. 56].  She testified that she suffers from

depression in addition to her physical impairments.  [R. 58].    Her testimony is consistent

with the medical evidence of record.  The plaintiff's treating physician, George W.

Adams, Jr., M.D., a board-certified urologist, provided this narrative:

> I am a board certified Urologist and first began seeing Kimberly Trammell
> in August of 2003.  She had previously been diagnosed with Interstitial
> Cystitis and was quite symptomatic at that time with severe frequency,
> dysuria, constantly having to go to the bathroom, getting up five and six
> times at night.  Cystoscopy was done on 8/21/2003 and the bladder was
> stretched under anesthesia and medication was placed and there was no
> doubt that she did have Interstitial Cystitis.  Since that time, she has also
> had a kidney stone which was manipulated and then she was seen again in
> my Pell City office on 10/14/04, she had been in the hospital at UAB for
> two weeks and developed urinary retention and had a Foley catheter placed
> and the patient still had a Foley catheter in when I saw her and had been
> unable to void without the catheter.
>
> This lady definitely has Interstitial Cystitis which is a chronic disease which
> she will have the rest of her life and it may become progressively worse.
> She has numerous other medical problems that I am aware of but it is not in
> my field of speciality, such as lupus, fibromyalgia, diverticulitis and
> migraine headaches.
>
> This patient also seems to be chronically depressed and I think a lot of this
> is related to her multi-medical problems and that she never feels good.  She

---

[1]  Interstitial cystitis is "a condition of the bladder occurring predominately in
women, with an inflammatory lesion, usually in the vertex, and involving the entire
thickness of the wall, appearing as a small patch of browinsh-red mucosa, surrounded by
a network of radiating vessels.  The lesions, known as Fenwick-Hunner or Hunner ulcers,
may heal superficially, and are notoriously difficult to detect.  Typically, there is a urinary
frequency and pain on bladder filling and at the end of micturition."  Dorland's Illustrated
Medical Dictionary 420 (28th Ed. 1994).

has had difficulty remaining employed because she is constantly having to take off to see physicians or be admitted to the hospital.  In my opinion as a Urologist, I think that this lady does qualify for disability.  I think that as she gets older, her symptoms are going to worsen, so that in my overall opinion this lady would qualify for disability.

[R. 325].  Because Dr. Adams is a specialist in the field of urology, his opinion is entitled to more weight in this area.[2]  On a Physical Capacities Evaluation (PCE) completed March 15, 2005, by Dr. Adams noted that the plaintiff could reasonably lift or carry 50 pounds occasionally and 25 pounds frequently, could sit for a total of two hours in an eight-hour day, and has restrictions as to pushing and pulling movements, climbing and balancing, stooping, working around hazardous machinery and dust, allergens and fumes. [R. 245].  Dr. Adams's Clinical Assessment of Pain is that the plaintiff's pain "is present to such an extent as to be distracting to adequate performance of daily activities or work." [R. 246].  Dr. Adams opined that the plaintiff's "[d]rug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc."  [R. 247].  Finally, Dr. Adams noted that her underlying medical condition is consistent with the pain the plaintiff experiences.  [R. 247].

Additionally, another treating physician, Gregory Flippo, M.D., completed a PCE wherein he opined that the plaintiff could lift 10 pounds occasionally or less frequently, could sit for a total of one hour in an eight-hour workday, and stand and walk for zero hours in an eight-hour workday.  [R. 251].  Dr. Flippo found that the plaintiff's

---

[2] "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a medical specialist."  20 C.F.R. § 404.1527(d)5)

8

"[p]ain is present and found to be intractable and virtually incapacitating to this individual."  [R. 252].

ALJ Munford discounted Dr. Adams's opinion thusly:

> In determining whether the claimant is disabled, I have also considered her cystitis.  However, after a thorough review of the medical records, I do not find that the claimant is disabled due to her cystitis, since none of the medical records detail what functional limitations, if any, the claimant may have had due to her cystitis.

[R. 31].  ALJ Munford gave little weight to the opinions of Drs. Adams and Flippo because their assessments "simply concluded that they thought the claimant was disabled, but did not detail the exact reasons on why they thought the claimant was disabled.  They simply stated that the claimant's subjective complaints would prevent her from working."  [R. 31].  This statement by the ALJ is ludicrous, given that his opinion states that he considered Dr. Adams's February 3, 2005, letter and PCE dated March 15, 2005.  The narrative of Dr. Adams demonstrates a clear understanding by the plaintiff's treating specialist of the plaintiff's condition.  [R. 325].  Moreover, treatment notes of Dr. Adams date back to July 1, 1998, detailing the course of treatment of the plaintiff's interstitial cystitis. [R. 145-152; 325-334].  Furthermore, Dr. Adams saw for himself objective evidence of interstitial cysisis during a surgical procedure:  "[T]here were numerous

petechiae[3], all in the lining of the bladder, and there was gross hematuria[4] which is compatible with interstitial cystitis." [R. 331].  The court must conclude that ALJ Munford either failed to read Dr. Adams's records, or purposefully ignored them in order to reach a conclusion that the plaintiff is not disabled.  Either way, because the ALJ ignored or failed to properly refute Dr. Adams's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.

The plaintiff has clearly met the Eleventh Circuit's pain standard.  For the ALJ to summarily discount the opinion of the plaintiff's treating physician and specialist without recontacting Dr. Adams is error, and renders his opinion not based on substantial evidence.  See Hale v. Bowen, 831 F.2d 1007, 1012 n. 7 (11th Cir. 1987)(noting that the opinions contained on a PCE form, which instructed the physician to base his opinions on his clinical findings, should be assumed to be the doctor's own professional assessment ).  The ALJ had the opportunity to elicit additional medical evidence as to whether the plaintiff suffered from an objective medical condition that could reasonably give rise to disabling pain, but chose not to do so.  See  Jenkins v. Sullivan, 906 F.2d 107, 109 (4th

---

[3]  A petechia is "a pinpoint, nonraised, perfectly round, purplish red spot caused by intradermal or submucous hemorrhage."  Dorland's Illustrated Medical Dictionary 1268 (28th Ed. 1994).

[4]  Blood in the urine.  Dorland's Illustrated Medical Dictionary 743 (28th Ed. 1994).

Cir. 1990)(noting the ALJ improperly analyzed the medical evidence himself rather than eliciting additional medical testimony from physicians).

**CONCLUSION**

Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's pain testimony.  In this case, as noted above, the ALJ's reasons for discrediting the plaintiff's pain testimony are not supported by substantial evidence.  Therefore, that testimony must be accepted as true by this court.  Hale, 831 F.2d at 1012.  The VE testified that if the plaintiff's pain testimony were credited, she would be unable to perform any work.  Therefore, the Commissioner failed to carry his burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

DONE and ORDERED 18 December 2007.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.